UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Mount Hope Church,<br><br>       Plaintiff,<br><br>   vs.<br><br>Bash Back!, et al.,<br><br>       Defendants. | Case No.<br><br>Western District of Michigan<br>Case No. 09-CV-427<br><br>MOTION TO COMPEL AND<br>SUPPORTING MEMORANDUM<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**April 8, 2011** |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA DUCES TECUM TO THIRD PARTY RISEUP NETWORKS**

Mount Hope Church, plaintiff in Case No. 1:09-CV-427 in the Western District of Michigan, served Riseup Networks (Riseup) with a subpoena duces tecum on February 23 2011.  The subpoena requested the user registration information and IP addresses associated with seven riseup.net e-mail addresses.  After notifying the users in a communication that appears to instruct them how to delete the responsive information, Riseup responded to us on the March 8, 2011 production date with numerous objections.  Riseup's objections are, essentially, arguments on behalf of the users rather than any rights or privileges that Riseup

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

1

itself has in regard to the requested information.  Because no user has filed a motion to quash, Riseup has no basis to withhold the information.  We therefore move this Court to compel Riseup to provide all responsive information that was in existence when the subpoena was received.  We also move this Court for contempt and sanctions against Riseup Networks in the form of an order to pay Plaintiff the amount of Plaintiff's expenses and attorney's fees in connection with this motion, pursuant to Fed. R. Civ. P. 45(e).

Counsel for Mount Hope has unsuccessfully attempted to resolve this dispute through a discussion with counsel for Riseup Networks.  Carmichael Aff. ¶¶ 7; C.R. 37(a)(1)(B).

## MEMORANDUM IN SUPPORT

*1. Background of the Case*

This case arose from a so-called "action" conducted by the group Bash Back! during Sunday morning services at Mount Hope Church in Lansing, Michigan.  Mount Hope filed a complaint against the group and all identified and unidentified participants under the Freedom of Access to Clinic Entrances Act, 18 U.S.C. § 248, a law that prohibits "force or threat of force or . . . physical obstruction [that] intentionally injures, intimidates, interferes with or attempts to injure, intimidate or interfere with any person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship."

Discovery in this case will end on May 2, 2011.  Despite admitting their own involvement in the action that is the basis of this case, the current defendants have been unwilling to reveal the names or locations of the remaining unidentified defendants.  As a result, Plaintiff Mount Hope Church is rapidly approaching the final weeks of discovery with no alternative means to identify potential defendants other than to subpoena e-mail registration information from e-mail service providers such as Riseup Networks.  The e-mail addresses of

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

2

1  interest were listed in communications in which other defendants planned and discussed the

2  "action" at Mount Hope that is the basis for this case.  Because we believe the information

3  requested will lead to the discovery of the identity of unidentified defendants, resolution of this

4  subpoena request is extremely urgent.

5      *2.  Motion to Enforce Subpoena*

6      Our subpoena was limited to subscriber, registered user, and/or customer information

7  for seven specific riseup.net e-mail addresses in order to identify and locate individuals who

8  appear to possess highly relevant information to this case.  We did not request any e-mail

9  content or communications.  Unlike other e-mail service providers (including another located in

10  the Western District of Washington), Riseup refuses to provide this information.[1]  Riseup bases

11  its objection on its *users'* First Amendment right to remain anonymous in their internet speech.

12  But constitutional defenses are to be raised by the holder of those rights—not by those who

13  believe that *others* possess a constitutional right.  *See Hilton v. Hallmark*, 599 F.3d 894, 904

14  n.6 (9th Cir. 2010) (explaining in the context of constitutional rights "the rule against third

15  party standing: a party normally cannot raise claims that belong to a third party").  The rule

16  exists for very practical reasons.  It "frees the Court not only from unnecessary pronouncement

    on constitutional issues, but also from premature interpretations of statutes in areas where their

---

[1] Within hours of receiving the subpoena, counsel for Riseup apparently contacted the owners of the e-mail accounts, telling them about their right to file a motion to quash the subpoena and saying that Riseup "ha[s] not yet decided how we will respond to this subpoena."  Carmichael Aff., Ex. 2, E-mail from Devin Theriot-Orr to Riseup e-mail account holders, *\*\*Notice of Subpoena: Mt. Hope Church v. Bash Back!\*\** (Feb. 23, 2011 23:12:17 -0800) (posting of d k w a t t, dkwatt@riseup.net, to bashback@lists.riseup.net (Feb. 25, 2011) (on file with author), at 2.

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

constitutional application might be cloudy." *United States v. Raines*, 362 U.S. 17, 22 (1960). The general prohibition against third party standing also "assures the court that the issues before it will be concrete and sharply presented." *Secretary of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984) (citing *Baker v. Carr*, 369 U.S. 186 (1962)).

We are not aware of any instance where an exception has been made to the general rule prohibiting a third party from raising constitutional concerns from a subpoena request. We are, however, aware of many cases within the Ninth Circuit that have upheld subpoena requests for online user identities. *See, e.g., London v. Does*, 279 Fed. Appx. 513, 514-16 (9th Cir. 2008) (unpublished) (upholding subpoena requesting e-mail account information, including dates created); *Beluga Shipping GMBH v. Suzlon Energy, Ltd.*, No. C 10-80034, 2010 WL 3749279, 2010 U.S. Dist. 104705 at *14 (N.D. Cal. Sept. 23, 2010) (granting a request to depose a representative from Google, a nonparty, regarding when specific Gmail accounts were created, the name provided to Google by the account users, and the country in which each account was created); *Solarbridge Techs., Inc. v. Doe*, No. C10-03769, 2010 U.S. Dist. LEXIS 97508 at *3-4 (N.D. Cal. Aug. 27, 2010) (allowing discovery to identify an anonymous Internet user who is a target defendant) (not for citation); *Govan Brown & Assoc. v. Doe*, No. C 10-02704, 2010 U.S. Dist. LEXIS 88673 at *7-8 (N.D. Cal. Aug. 6, 2010) (requiring disclosure of account holders connected with allegedly defamatory statements); *Zynga Game Network v. Williams,* No. CV-10:01022, 2010 U.S. Dist. LEXIS 57746 at *6-7 (N.D. Cal., May 20, 2010); *Columbia Ins. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *see also O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1447 (Cal. App. 2006) (explaining that while the court would zealously guard the content of communications and subscriber information equivalent to "disclos[ure of] the contents of privileged communications," the law does authorize disclosure

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

4

1  of "a record or other information pertaining to a *subscriber to or customer of such service*"

2  (citing 18 U.S.C. § 2703(c)(1))).

3  In support of their desired exemption from the general rule against third party standing,

4  Riseup cited two Supreme Court cases, *Thompson v. North American Stainless, L.P.*, 131 S. Ct.

5  863 (2011) and *Munson*. *Thompson* addressed the inclusion of third-party interests in the "zone

6  of interests" in a Title VII Administrative Procedure Act—interests and procedures that are

7  entirely inapplicable here. *Munson* is also distinguishable. In *Munson*, a professional

8  fundraiser challenged the constitutionality of a Maryland law limiting the expenses that could

9  be paid by a charitable organization to a fundraiser. The fundraiser argued that the law violated

10 the First Amendment rights of its Maryland clients, who were, of course, third parties. The

11 Supreme Court held that in that case, third party standing should be allowed due to the special

12 circumstance presented by the clients' own practical inability to challenge the Maryland law.

13 "Where practical obstacles prevent a party from asserting rights on behalf of itself" the high

14 court made allowances for third-party standing. *Munson*, 467 U.S. at 956.

15 There are no such obstacles here. In fact, Riseup's counsel explained to the e-mail

16 account owners several weeks ago that they had a right to file a motion to quash the subpoena.

17 *See* Carmichael Aff., Ex. 2, at 2, E-mail from Devin Theriot-Orr to Riseup e-mail account

18 holders, **Notice of Subpoena: Mt. Hope Church v. Bash Back!** (Feb. 23, 2011 23:12:17 -

19 0800) (posting of d k w a t t, dkwatt@riseup.net, to bashback@lists.riseup.net (Feb. 25, 2011)

20 (on file with author) ("As the subject of [the subpoenaed] information, you have a right to file a

21 motion in federal court to quash the subpoena."). The users' failure to move to do so does not

22 constitute a "practical obstacle." Quite the contrary, as the Federal Rules of Civil Procedure

23

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

5

1   specifically provide a mechanism to allow the users themselves to raise any claims of privilege

2   or constitutional protection. Fed. R. Civ. P. 45(c)(3).

3       Even if Riseup had standing to assert any First Amendment rights of its third-party

4   users, the users' right to anonymous speech is not absolute and is not applicable here. In *Doe v.*

5   *2TheMart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001), this Court addressed a subpoena

6   issued to an internet service provider. The *Doe v. 2TheMart.com* subpoena requested the

7   identities of anonymous posters of messages criticizing a corporation. This Court quashed that

8   subpoena, primarily because the critical messages were not relevant to the corporation's core

9   defense of fraud. This Court required the requesting party to demonstrate that other interests

10  outweighed the speakers' First Amendment right to remain anonymous. In its analysis, this

11  Court applied four factors: "(1) the subpoena seeking the information was issued in good faith

12  and not for any improper purpose, (2) the information sought relates to a core claim or defense,

13  (3) the identifying information is directly and materially relevant to that claim or defense, and

14  (4) information sufficient to establish or to disprove that claim or defense is unavailable from

15  any other source." *Doe v. 2TheMart.com*, 140 F.Supp 2d at 1095. Those factors are all met

16  here.

17      First, Mount Hope's subpoena was issued in connection with active litigation against a

18  number of individuals, some of whom are still unidentified but appear to have planned,

19  discussed, and participated in the illegal action that is the basis for this case using riseup.net e-

20  mail accounts and riseup.net listservs. It is limited only to identifying information and is not

21  overly broad or intrusive, as it requires no disclosure of any personal communications or

22  irrelevant information. Second, the information sought—the identities of individuals who

23  planned and discussed the action that is the basis of this case—is directly related to Mount

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

6

Hope's core claims and will likely lead to the identification of unknown defendants and others with discoverable information. Since many of the key facts are not in dispute, locating the unidentified participants *is* "the heart of the matter." *Doe v. 2TheMart.com,* 140 F.Supp 2d at 1096 (citation omitted). Third, the identifying information of the riseup.net users is directly and materially relevant to this case. Mount Hope is not merely requesting the identities of people who might have seen something related to the action that is the basis of this case. Rather, this subpoena seeks the identities of people who we believe actually took part in the planning of the action, some of whom are highly likely to have participated in the action and/or to know of others who participated in the action. The identities of all defendants who planned and participated in the action is of considerable importance for Mount Hope to obtain relief under its claims. Fourth, although all known defendants have been questioned about the identities of the email account owners through discovery requests and in depositions, the defendants have, to date, claimed that they are unable to recall the information. As a result, Mount Hope has no source other than Riseup itself to obtain this information.

*3. Request for Contempt and Sanctions*

Fed. R. Civ. P. 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Although Riseup's objections initially appear to merely reflect a misunderstanding of the law, Mount Hope is troubled by the communication that Riseup's counsel sent to the owners of the subpoenaed accounts. That letter admits that Riseup has responsive material but appears to instruct the users in how to remove that information.

> We have preserved the responsive information and we are currently trying to figure out how to respond. Please note that . . . we do not record IP address information for our users. However, any information that you may have

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

7

      provided at https://user.riseup.net/ could fall under the request in the subpoena. For example, if you log in to https://user.riseup.net/ using your riseup email id and password and click on "My Settings," any information that appears regarding your alternate email and display name could be responsive to this request. The information stored would include the information you provided when you applied for your account, unless you subsequently removed it.

Carmichael Aff., Ex. 2 at 2. This apparent instruction, together with Riseup's "kitchen sink" approach[2] to resisting the subpoena request, merits sanctions equal to the amount of costs to bring this motion, payable to Mount Hope, for refusal to obey the subpoena. *See Aspen Grove Owners Ass'n v. Park Promenade Apartments, LLC*, No. C09-1110, 2010 WL 3431155 at *2 n.3 (W.D. Wash. Aug. 13, 2010) (citing the 1991 Amendment to Fed. R. Civ. P. 45 "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). If it is established that responsive material was destroyed after the receipt of the subpoena, additional sanctions for spoliation of evidence may be appropriate.

## CONCLUSION

Mount Hope respectfully requests that the Court order Riseup to produce all responsive information that was in existence when the subpoena was received. Due to the immediacy of the May 2, 2011 discovery deadline, Mount Hope respectfully requests that this Court issue this order expeditiously. Mount Hope also requests that the Court issue a sanctions order awarding Mount Hope the costs of bringing this motion, including attorney's fees.

---

[2] In addition to the First Amendment concerns discussed in this Motion, Riseup also objected on the grounds that our subpoena was vague, overbroad, and required mailing, faxing, or e-mailing the information to a location more than 100 miles away. In response to Riseup's last objection, Mount Hope has provided a Seattle location for delivery of the information.

MOTION TO COMPEL  
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC  
Market Place Tower  
2025 First Avenue, Penthouse A  
Seattle, WA 98121  
206•682•0565  Fax: 206•625•1052

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | ALLIANCE DEFENSE FUND |
| 3 | By: |
| 4 | s/ Holly L. Carmichael |
| 5 | Holly L. Carmichael* |
|   | Alliance Defense Fund |
| 6 | 15100 N 90th Street |
|   | Scottsdale, AZ 85260 |
| 7 | (480) 444-0020 |
|   | (480) 444-0028 (fax) |
| 8 | hcarmichael@telladf.org |
| 9 | Kristen K. Waggoner, WSBA No. 27790 |
|   | ELLIS, LI & MCKINSTRY PLLC |
| 10 | Market Place Tower |
|   | 2025 First Avenue, Penthouse A |
| 11 | Seattle, WA 98121 |
|   | (206) 682-0565 |
| 12 |   |
|   | Attorneys for Plaintiff Mount Hope Church |
| 13 |   |
|   | *Application for Pro Hac Vice Admission to |
| 14 | be filed forthwith |

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & MCKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

9

**PROOF OF SERVICE**

I certify that on March 23, 2011, I transmit by electronic mail delivery the foregoing Plaintiff's Motion to Compel and supporting documents to the Clerk of the Court using the miscellaneous new case box, newcases.seattle@wawd.uscourts.gov; additionally I certify that I caused to be served by electronic mail and U.S. First Class Mail the foregoing Plaintiff's Motion to Compel and supporting documents on the following individuals:

| | |
|---|---|
| Mark W. Sniderman<br>Caplin Sniderman P.C.<br>One Penn Mark Plaza<br>11595 N. Meridian St., Ste. 300<br>Carmel, IN 46032<br>marksniderman@gmail.com<br><br>Counsel for Defendants | Karl A. H. Bohnhoff<br>BOHNHOFF & MAHONEY, PLC<br>912 Centennial Way, suite 320<br>Lansing, MI 48917<br>Documents@BohnhoffMahoney.com<br><br>Counsel for Defendant |

Devin Theriot-Orr
Gibbs Houston & Pauw
1000 2nd Ave., Ste. 1600
Seattle, WA 98104-1003
devin@ghp-law.net
legal@riseup.net

Counsel for Riseup Networks

s/Holly L. Carmichael

MOTION TO COMPEL
(Western District of Michigan Case No. 09-CV- 427)

ELLIS, LI & McKINSTRY PLLC
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121
206•682•0565  Fax: 206•625•1052

10