1

2                                                         THE HONORABLE RICHARD A. JONES

3

4
5
6
7
8
9
10
11
12
13
14
15
16
17                    **IN THE UNITED STATES DISTRICT COURT**
18                 **FOR THE WESTERN DISTRICT OF WASHINGTON**
19                                **SEATTLE DIVISION**
20
21   **MOUNT HOPE CHURCH,**                    ) **No. 11-CV-00536-RAJ**
22                                             ) **W. D. Mich. No. 09-CN-427**
23                                             )
24                        **Plaintiff,**        )
25                                             ) **DKWATT@RISEUP.NET'S OBJECTION**
26   **v.**                                     ) **TO PLAINTIFF'S MOTION TO COMPEL**
27                                             ) **AND OBJECTOR'S MOTION TO QUASH**
28   **BASH BACK! ET AL,**                      ) **SUBPOENA**
29                                             ) **Noting Date: April 22, 2011**
30                        **Defendants.**        )
31                                             )   ***ORAL ARGUMENT REQUESTED***
32                                             )
33   _____          ) **FRCP 45**
34
35            The person whose e-mail address is DKWATT@RISEUP.NET, an e-mail address

36   named in a subpoena to Riseup Networks, Inc. hereby objects to Plaintiff's Motion to Compel,

OBJECTION TO MOTION TO COMPEL and                    Law Office of Lawrence A. Hildes                    1
OBJECTOR'S MOTION TO QUASH                           P.O. Box 5405, Bellingham, WA  98227
No. 11-CV-00536-RAJ                                  Phone: (360) 715-9788  Fax:  (360) 714-1791
                                                     email:  lhildes@earthlink..net

1    as a directly interested party, and moves to quash the subpoena as follows in the body of this

2    pleading.

3         This objector joins the statements and arguments of Riseup Network, and adopts and

4    incorporates them by reference.

5                                **I. RELEVANT FACTS**

6         Individuals who are not this objector, but are gay rights activists in the Midwest

7    apparently staged a peaceful demonstration in 2008 at a church in Michigan that they found to

8    be extremely homophobic.  The citations that immediately follow are from Defendants'

9    affidavits in that matter:

10        Many, though not all, of the Defendants were present at Mount Hope Church on

11   November 9, 2008.  (*Defendants' Affidavits*, D. # 61-3).  None of the defendants physically

12   obstructed any traffic from either entering or exiting the Church, or observed any obstructions.

13   (*Id.*)  None obstructed any traffic entering or exiting the parking lot or saw any traffic being

14   obstructed.  (*Id.*)  None of the defendants intimidated any church members.  (*Id.*)  Nor was

15   anyone prevented from being able to practice their religion.  (*Id.*)  Neither force nor threat of

16   force was used by any Defendant. (*Id.*)

17        The outside protesters were engaged in a peaceful protest outside the Church.  (D. # 61-

18   2, p. 18). There were about ten outside protesters.  (*Complaint*, D. #1, ¶ 38)

19        When asked, the outside protesters left the Church property, and promptly moved onto

20   the public sidewalk.  (Id., p. 18, 22; and *Complaint*, D. # 1, ¶ 44).  The Church security staff

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

Law Office of Lawrence A. Hildes
P.O. Box 5405, Bellingham, WA  98227
Phone: (360) 715-9788   Fax:  (360) 714-1791
email:  lhildes@earthlink..net

2

1   and pastors were told by law enforcement that the protesters were on public property.  (D. # 61-

2   4)

3         Despite the arrival of Sheriff's Deputies upon the scene, no Defendants were arrested;

4   and no defendant was subsequently charged with any crime stemming from the actions

5   underlying the lawsuit. (*Id.*)

6         At a pause/transition in the service, the inside protesters briefly chanted some slogans,

7   kissed, threw fliers, and unveiled a poster in the balcony.  (see youtube video at:

8   http://www.youtube.com/watch?v=yzFyPnvz-iI  ).

9         Months after this demonstration, the Alliance Defense Fund of Arizona sued named

10  Defendants and a host of Doe Defendants under the Federal Freedom of Access to Clinic

11  Entrances Act (FACE Act) which is intended to protect female medical patients going to

12  Women's clinic for abortions and host of other services, including cancer treatments, from

13  being prevented or intimidated into abandoning their medical appointments and their access to

14  healthcare.  During the process of the Act's passage, a rider was attached to apply the act to

15  churches.

16        Plaintiffs do not appear to have demonstrated that any parishioner was prevented or

17  intimidated into abandoning their attendance at Mount Hope Church.        Plaintiffs are using

18  the device of excessive discovery in a questionable Federal  lawsuit, based on no criminal

19  conduct, the fact issues of which are quite narrow, and in which the majority of the information

20  is already in Plaintiffs' possession. Plaintiffs have launched a sweeping, oppressive, harassing

21  and expensive intelligence-gathering mission, analogous to a witchhunt, against Defendants and

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

1   anyone who may, in any way, be associated with them, claiming that those individuals are

2   engaged in some vast conspiracy against them, based on a single peaceful demonstration.

3        To that end, Plaintiffs have subpoenaed records from Internet Services providers,

4   including Riseup Networks, demanding all contact information for anyone associated with

5   Bashback!, which appears to be a loose affiliation of independent groups and individuals who

6   may share some common political beliefs.

7        They claim they need this information to question these individuals as to their political

8   beliefs and activities, so as to determine whether they should be added to what is already a

9   specious and overbroad lawsuit.

10       Here, this objector is extremely worried that Plaintiffs will use her contact information

11   to harass her personally and through the legal system (Dec. of dkwatt@riseup.net at ¶¶ 7-9, 11),

12   and there is no reason to disbelieve her given the nature of this lawsuit and the actions of

13   Plaintiffs and their counsel.

14       This objector, and no doubt many, if not all, of the others whose identity has been

15   demanded, had nothing to do with the planning, organization, or carrying out of this peaceful

16   demonstration, was not there, and does not even have any particular knowledge of it (Dec. of

17   dkwatt@riseup.net at ¶¶ 2-6).

18       Counsel for Riseup Networks, Inc, attempted to dissuade Plaintiffs counsel from

19   pursuing this subpoena and from filing the motion to compel, both herein responded to, to no

20   avail.

21       This response and motion to quash follow.

OBJECTION TO MOTION TO COMPEL and          Law Office of Lawrence A. Hildes          4
OBJECTOR'S MOTION TO QUASH                 P.O. Box 5405, Bellingham, WA  98227
No. 11-CV-00536-RAJ                        Phone: (360) 715-9788  Fax:  (360) 714-1791
                                           email:  lhildes@earthlink..net

1                                   **II. LEGAL ARGUMENT**

2       **A.  THE INFORMATION SOUGHT IS NOT SUFFICIENTLY RELEVANT**

3 To be valid a subpoena to a third party, as with any discovery device must be reasonably

4 calculated to lead to discoverable evidence (FRCP 26(b)(1).

5 "[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of

6 Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting

7 Hickman v. Taylor, 329 U.S. 495, 507 (1947)). The discovery sought

8 must be relevant. F RC P 26(b)(1); *see also* St. Bernard Sav. and Loan Ass'n v. Levet,

9 Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) ("the Rule 26

10 requirement that material sought in discovery be relevant should be firmly applied and courts

11 should exercise appropriate control over the discovery process"). To be relevant, the

12 information sought must be "'any matter that bears on, or that reasonably could lead to other

13 matter that could bear on any issue that is or may be in the case.'" Hickman, 329 U.S. at 501.

14     Here, Plaintiff has made no showing that this evidence would be relevant to their case and

15 the causes of action of their complaint, and when asked by counsel for Riseup to explain,

16 simply said that these individuals may have been involved in the demonstration, without

17 making any showing that they were, or that such involvement was sufficient to make it

18 reasonably likely that they had relevant, non-privileged information.  It is simply a fishing

19 expedition based on an obsessive desire to gather any names of anyone with any political

20 sympathy for Defendants, who are accused only of holding a demonstration.  All Plaintiffs offer

21 are weak conclusory statements that individuals may have information. That is hardly sufficient

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

             Law Office of Lawrence A. Hildes      5
             P.O. Box 5405, Bellingham, WA  98227
       Phone: (360) 715-9788  Fax:  (360) 714-1791
              email:  lhildes@earthlink..net

1   to warrant such instruction into the privacy of those sympathetic to a gay rights movement by a

2   fundamentalist church 2,500 miles away.  Plaintiffs have failed to meet their burden in any way.

3        Furthermore, this objector, who believes they speak for many others, has made it clear that

4   they had nothing to do with any aspect of this demonstration, so there can be no relevance to the

5   information demanded and the subpoena should be quashed and Plaintiffs motion to compel

6   denied.

7   **B. PLAINTIFFS DEMAND IS SOLELY FOR PRIVILEGED INFORMATION AND**
8   **MUST BE QUASHED**
9
10       Plaintiffs are demanding information as to the names and contact information as to these

11  non-Defendants strictly based on their political affiliations or perceived political affiliations,

12  which is First Amendment Protected Activity, both as free speech, and based on their Freedom

13  of Association.   This is a broad, and specifically barred abridgement of objectors and all others

14  First Amendment Rights.

15       Historically, forced disclosure of association membership and contributions to an

16  organization have been recognized as having a chilling effect on First Amendment rights. In

17  NAACP v. Alabama, 357 U.S. 449, 451 (1958), the lower court had ordered the NAACP,

18  which had organized an economic boycott, to produce its membership list to Alabama

19  authorities. The Supreme Court reversed, holding that the compelled production of the

20  NAACP's membership list would infringe on the rights of association of the organization and

21  its members:

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

Law Office of Lawrence A. Hildes
P.O. Box 5405, Bellingham, WA  98227
Phone: (360) 715-9788  Fax:  (360) 714-1791
email:  lhildes@earthlink..net

6

1    "It is hardly a novel perception that compelled disclosure of affiliation with groups

2    engaged in advocacy may constitute [an] effective. . . restraint on freedom of association.. . .

3    This Court has recognized the vital relationship between freedom to associate and privacy in

4    one's associations. . . . Inviolability of privacy in group association may in many circumstances

5    be indispensable to preservation of freedom of association, particularly where a group espouses

6    dissident beliefs. *Id.* at 462.

7    The Court's strict judicial scrutiny revealed that Alabama had not shown a sufficiently

8    compelling interest in obtaining the membership records to justify the potentially chilling effect

9    on the right of association. *Id.* at 462-64. *See also* Buckley v. Valeo, 424 U.S. 1, 64 (1976) ("the

10   subordinating interests of the State must survive exacting scrutiny when compelled disclosure

11   imposes encroachments on First Amendment rights....").

12   Progeny of NAACP v. Alabama hold that an organization made up of private

13   individuals has standing to protect those individuals from unwarranted invasions by

14   government of their rights of association and privacy guaranteed by the First and Fourteenth

15   Amendments. *See,* Gibson v. Florida Legislative Investigation Committee, 372 U.S. 539, 83

16   S.Ct. 889, 9 L.Ed.2d 929; Louisiana ex rel. Gremillion, Attorney General v. NAACP, 366 U.S.

17   293, 81 S.Ct. 1333, 6 L.Ed.2d 301; Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d

18   231.

19   The rationale of those decisions . . . . is that the First and Fourteenth
20   Amendments protect the rights of people to associate together to advocate and
21   promote legitimate, albeit controversial, political, social, or economic action;
22   that when the objective of the group or the group itself is unpopular at a given
23   time or place, revelation of the identities of those who have joined themselves
24   together or have affiliated with the group may provoke reprisals from those

OBJECTION TO MOTION TO COMPEL and              Law Office of Lawrence A. Hildes       7
OBJECTOR'S MOTION TO QUASH                      P.O. Box 5405, Bellingham, WA  98227
No. 11-CV-00536-RAJ                          Phone: (360) 715-9788  Fax:  (360) 714-1791
                                                  email:  lhildes@earthlink..net

1  opposed to the group or its objectives; and that the occurrence or apprehension
2  of such reprisals tends to discourage the exercise of the rights which the
3  Constitution protects. In such circumstances, disclosure of the identities of
4  members of the group can be compelled only by showing that there is a rational
5  connection between such disclosure and a legitimate governmental end, and that
6  the governmental interest in the disclosure is cogent and compelling.

7  Pollard v. Roberts, 283 F.Supp. 248, 256-257 (E.D. Ark. 1968), *aff'd per curiam,* 393 U.S. 14

8  (1968). "Moreover, even if a State can legitimately compel a limited disclosure of individuals

9  affiliated with a group, it does not follow that the State can compel a sweeping and

10  indiscriminate identification of all of the members of the group in excess of the State's

11  legitimate need for information." *Id.* at 257. Less drastic means of obtaining the information

12  must be exhausted:

13  Even though the governmental purpose be legitimate and substantial, that
14  purpose cannot be pursued by means that broadly stifle fundamental personal
15  liberties when the end can be more narrowly achieved. The breadth of . . .
16  abridgment must be viewed in the light of less drastic means for achieving the
17  same basic purpose.

18  *Shelton v. Tucker,* 364 U.S. at 488, 81 S.Ct. at 252.

19  Other progeny of NAACP v. Alabama have expressly afforded litigants First

20  Amendment protection from discovery requests which intrude into the protected realm of

21  thoughts, opinions, expressive activities, and expressive association. *See, e.g.,* Adolph Coors

22  Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983) ("[a] good-faith interjection of First

23  Amendment privilege to a discovery request . . . mandates a comprehensive balancing of the

24  [requester's] need for the information sought against the [objector's] constitutional interests in

25  claiming the privilege"); Britt v. Superior Court, 20 Cal.3d 8443 (1978) (dis-closure of

26  plaintiffs' associational affiliations

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

Law Office of Lawrence A. Hildes
P.O. Box 5405, Bellingham, WA  98227
Phone: (360) 715-9788   Fax:  (360) 714-1791
email:  lhildes@earthlink..net

8

1    and memberships violated First Amendment).

2         The courts presume that a "chilling effect" inheres in the compulsory disclosures of lists

3    of contributors, volunteers and members. <u>Cf. Wyoming v. U.S. Dept. of Agriculture,</u> 239

4    F.Supp.2d 1219, 1237 (Wyo. 2202):

5         Federal courts have consistently held that disclosure of internal associational

6    activities (*i.e.*, membership lists, volunteer lists, financial contributor lists, and past

7    political activities of members) satisfy this *prima facie* showing [of invasion of First

8    Amendment rights] because disclosure of these associational activities chills Freedom of

9    Association. ***Hence, if a discovery request seeks disclosure of internal associational activity,***

10    ***federal courts assume, sometimes implicitly, that the party seeking protection has made his***

11    ***prima facie showing***; only then do courts shift the burden to the party seeking disclosure to

12    demonstrate a compelling need for the information (*i.e.*, apply the balancing test) (citations

13    omitted).

14         In fact, even had Plaintiff sufficient evidence that the individuals whose records are

15    demanded had supported the demonstration and even conspired with the demonstrators to carry

16    out acts of civil disobedience, all of which Objector disputes, that would still be protected

17    speech.

18         A court order, even one issued at the behest of a private party, constitutes "state action,"

19    and is thus subject to the constitutional limitations urged below by Defendants. <u>New York</u>

20    <u>Times Co. v. Sullivan</u>, 376 U.S. 254, 265 (1964); <u>Shelley v. Kraemer</u>, 334 U.S. 1 (1948).

21    Hence a court order potentially compelling discovery must envisage constitutional concerns.

OBJECTION TO MOTION TO COMPEL and        Law Office of Lawrence A. Hildes    9
OBJECTOR'S MOTION TO QUASH           P.O. Box 5405, Bellingham, WA  98227
No. 11-CV-00536-RAJ                Phone: (360) 715-9788  Fax:  (360) 714-1791
                                email:  lhildes@earthlink..net

1    The First Amendment does not permit government "to forbid or proscribe advocacy of the use

2    of force or of law violation except where such advocacy is directed to inciting or producing

3    imminent lawless action and is likely to incite or produce such action." <u>Brandenburg v. Ohio</u>

4    395 U.S. 444, 447 (1969); *see also* <u>NAACP v. Claiborne Hardware Co</u>., 458 U.S. 886, 928

5    (1982).

6           Advocacy loses First Amendment protection if it is "intended to produce, and likely to

7    produce, imminent disorder." But "advocacy of illegal action at some indefinite future time" is

8    not actionable. <u>Hess v. Indiana</u>, 414 U.S. 105, 108-09 (1973). "Imminent lawless action," per

9    <u>Brandenburg</u>, means violence or physical disorder in the nature of a riot. Peaceful speech

10   includes speech that urges civil disobedience because it is non-imminent and thus fully

11   protected by the First Amendment. <u>White v. Lee</u>, 227 F.3d 1214 (9th Cir. 2000). Civil

12   conspiracy is a legal doctrine under which liability for a tort may be imposed on people who did

13   not actually commit a tort themselves, but who shared a common plan for its commission with

14   the actual perpetrator(s). <u>Dunn v. Rockwell</u>, 225 W.Va. 43, 689 S.E.2d 255 (W.Va. 2009);

15   <u>Kessel v. Leavitt,</u> 204 W.Va. 95, 129, 511 S.E.2d 720, 754 (1998). However, where the aim of

16   the scheme is civil disobedience, those who "shared a common plan" with the actual

17   perpetrators, but who were not themselves personally the perpetrators of civilly disobedient

18   acts, have engaged in First Amendment-protected activity. They have a right of anonymous

19   association with those who actually commit acts of civil disobedience without themselves being

20   legally co-conspirators, because peaceful advocacy is speech which cannot be muzzled.

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

Law Office of Lawrence A. Hildes
P.O. Box 5405, Bellingham, WA  98227
Phone: (360) 715-9788  Fax:  (360) 714-1791
email:  lhildes@earthlink..net

10

1    Even if under other circumstances an actionable conspiracy might exist, in the instant

2    litigation, liability cannot extend beyond those who actually committed the civil disobedience.

3    Thus there is no basis for Plaintiff to demand or obtain this information and their motion

4    to compel must be denied and the subpoena quashed.

5    **C. OBJECTOR'S MOTION TO QUASH INVOLVED ONLT REASONABLE AND**
6    **EXCUSEABLE DELAY AND SHOULD BE ALLOWED**
7
8    Plaintiff's subpoena was dated February 23, 2011, and, for obvious reasons for served

9    not on objector, but on Riseup Networks.  While Objector was given notice of it in due course,

10   it was reasonable for her to believe that Riseup could and would respond on their behalf to

11   protect her interest, as, in fact, it has done. When Plaintiff filed a motion to compel and claimed

12   that Riseup lacked standing to protect its subscribers' interest, Objector, who has no legal

13   training, retained counsel on Friday March 25, 2011 (See Dec. of Hildes at ¶ 2). Counsel filed

14   his notice of appearance on Sunday, March 27, 2011(Dec of Hildes ¶6), and counsel herein files

15   Objectors Motion to Quash on Monday April 4, 2011, the response deadline on Plaintiff's

16   Motion to Compel.

17   Since objector has made a good faith effort to fully respond, and Plaintiff has been

18   prejudiced in no way by this Motion to Quash being allowed and included with Objector's

19   Response to Plaintiff's motion to Compel, and in fact raises the same issues and objections and

20   would have the same result, fairness, and judicial economy make it appropriate for the court to

21   accept this objector's motion to quash, as well as their response to Plaintiff's Motion to Compel

22   and rule on them together.

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

Law Office of Lawrence A. Hildes
P.O. Box 5405, Bellingham, WA  98227
Phone: (360) 715-9788  Fax:  (360) 714-1791
email:  lhildes@earthlink..net

11

1   **D.  DKWATT@RISEUP.NET SHOULD BE AWARDED THEIR ATTORNEY'S FEES**
2   **AND COSTS.**
3
4           The moving party submitted no evidence to meet its burden. Riseup.net specifically

5   informed Plaintiff that it was required to submit such evidence. Plaintiff's motion includes

6   patently false and inflammatory allegations of evidence spoliation which are refuted by the text

7   of the Plaintiff's evidence and a request for contempt under Rule 45(e) which prohibited by the

8   text of the rule and the cases interpreting it.

9           There is no basis in law or fact for the granting of Plaintiff's motion to compel in this

10  situation, and the underlying subpoena is purely a fishing expedition engaged in for wholly

11  improper purposes.

12          In addition, Plaintiff's frivolous and legally specious insistence that Riseup Networks

13  could not appear and object for the objectors forced DKWatt@riseup to retain counsel to

14  protect their privacy and other interests, and counsel was forced to expend significant time to

15  object and respond to Plaintiffs frivolous and overbroad motion to compel.  Therefore

16  DKWATT@riseup.net should be awarded their attorney's fees and costs under Rule 37, Rule

17  11 and the court's inherent powers.

18  **III. CONCLUSION**

19          For all of the above reasons, Plaintiff's motion to compel should be denied; objector's

20  motion to quash should be granted, and objector's motion for sanctions should be granted.

21

22  RESPECTFULLY SUBMITTED: This 4th Day of April, 2011

23  /S/   LAWRENCE A. HILDES_____

OBJECTION TO MOTION TO COMPEL and                    Law Office of Lawrence A. Hildes      12
OBJECTOR'S MOTION TO QUASH                           P.O. Box 5405, Bellingham, WA  98227
No. 11-CV-00536-RAJ                                  Phone: (360) 715-9788  Fax:  (360) 714-1791
                                                     email:  lhildes@earthlink..net

1    LAWRENCE A. HILDES, WSBA #35035
2    LAW OFFICES OF LAWRENCE A. HILDES,
3    P.O. BOX 5405
4    BELLINGHAM, WA 98227
5    Telephone: (360) 725-9788, Fax: (360) 714-1791
6    E-mail: lhildes@earthlink.net
7

OBJECTION TO MOTION TO COMPEL and
OBJECTOR'S MOTION TO QUASH
No. 11-CV-00536-RAJ

Law Office of Lawrence A. Hildes          13
P.O. Box 5405, Bellingham, WA  98227
Phone: (360) 715-9788   Fax:  (360) 714-1791
email:  lhildes@earthlink..net