HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOUNT HOPE CHURCH,

        Plaintiff,

  v.

BASH BACK!, et al.,

        Defendants.

CASE NO. C11-536RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the court on the Plaintiff's motion to compel (Dkt. # 1) and Objector's motion to quash (Dkt. # 8). The court has considered the parties' briefing and supporting evidence, and heard from the parties at oral argument. For the reasons explained below, the court DENIES Plaintiff's motion (Dkt. # 1) and GRANTS Objector's motion (Dkt. # 8).

## II.    BACKGROUND

Plaintiff Mount Hope Church ("Mount Hope") sued Defendant Bash Back! ("Bash Back") and others in the United States District Court for the Western District of Michigan, alleging that Bash Back affiliates violated the Freedom of Access to Clinics Entrances Act, 18 U.S.C. § 248, when they staged a demonstration at the church. Bash

Back is a group of self-described gay/lesbian/transgendered/queer-liberation activists who organized and executed a demonstration wherein activists both picketed outside and disrupted services inside the church.  *See* Pltf.'s Reply (Dkt. # 13), Ex. 3 (describing Bash Back's mission); Ex. 4 (describing the Mount Hope action).

In Mount Hope's Michigan lawsuit, it has named as Defendants both Bash Back itself as well as named individuals who participated in the demonstration.  Mount Hope has not yet identified all the demonstration participants, and now hopes to do so by means of a subpoena: Mount Hope has served a subpoena on Riseup.net ("Riseup"), an online service provider, asking it to reveal the user information for seven[1] Riseup e-mail addresses to which a demonstration-planning e-mail was sent.  *See* Carmichael Decl. (Dkt. # 1-2), Ex. 1.  Riseup objected to the subpoena on behalf of the users identified in the subpoena ("Users") and notified the Users of the subpoena.  *See* Carmichael Decl., Ex. 2.

After Riseup failed to disclose the requested information, Mount Hope filed a motion to compel and one of the Users ("Objector") thereafter filed a motion to quash the subpoena (Dkt. # 8).  The court now turns to consider those motions in tandem.

### III.   ANALYSIS

**A.   Legal Standards.**

The court has broad discretion to control discovery.  *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004).  That discretion is guided by several principles.  Most importantly, the scope of discovery is broad.  A party must respond to any discovery request that is "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Discovery requests in the form of subpoenas

---

[1] One of the seven users has since been identified, so the motion to compel seeks contact information only for the remaining six.  *See* Pltf.'s Reply at 4 n.1.

seeking to unmask anonymous individuals, however, implicate the First Amendment[2], which protects the rights of individuals to speak anonymously online and offline. *See SaleHoo Group, Ltd. v. ABC Co.*, 722 F. Supp. 2d 1210, 1214 (W.D. Wash. 2010).

Though Mount Hope contends that speech is not at issue in this matter, and therefore a First Amendment analysis is unnecessary, the court finds Mount Hope's attempts to distinguish this case unavailing. It is true that in the cases where courts have applied a First Amendment analysis to determine whether to unmask an anonymous Internet user, that user was targeted because of online speech that formed the basis of a claim for, *inter alia*, defamation or file-sharing. *See, e.g.*, *SaleHoo*, 722 F. Supp. 2d 1210; *Doe v. 2themart.com*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001); *In re Anonymous Online Speakers*, __ F.3d __, 2011 WL 61635 (9th Cir. 2011); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244 (D. D.C. 2003). But Mount Hope has not provided any basis why this case is different from those cases, and the court does not find that the cited cases are distinguishable because in all of these cases, including the case before the court, a party seeks to learn the identity of a person who is currently an anonymous Internet user. Whether the identity is sought because the user's online conduct is actionable, or because the user may have discoverable information related to action: either way, the user's ability to anonymously participate in online activities is threatened. As was noted in *2themart.com*, one of the earlier cases to address this situation:

> The free exchange of ideas on the Internet is driven in large part by the ability of Internet users to communicate anonymously. If Internet users could be stripped of that anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect

---

[2] Though a fair amount of Mount Hope's briefing is devoted to arguing that Riseup does not have standing to assert the Users' First Amendment rights, at oral argument, Mount Hope's counsel informed the court that Riseup's standing was no longer in dispute and it was no longer necessary for the court to analyze the standing issue. *See 2themart.com*, 140 F. Supp. 2d at 1094 (finding that an Internet service provider may assert its users' First Amendment right to Internet anonymity).

ORDER- 3

> on Internet communications and thus on basic First Amendment rights. Therefore, discovery requests seeking to identify anonymous Internet users must be subjected to careful scrutiny by the courts.

140 F. Supp. 2d at 1093. Therefore, because Mount Hope seeks to identify anonymous Internet users, the court finds that a First Amendment analysis is appropriate to determine whether Mount Hope should prevail on its request.

In conducting that analysis, the court will apply the three-factor test set out in *SaleHoo*:

> [A] plaintiff seeking to use a subpoena to discover the identity of a defendant[3] in connection with anonymous Internet speech must satisfy three basic requirements, subject to balancing by the court. . . . To begin with, the plaintiff must undertake reasonable efforts to give the defendant adequate notice of the attempt to discovery his or her identity and provide a reasonable opportunity to respond. . . . Next, the plaintiff must, in general, allege a facially valid cause of action and produce prima facie evidence to support all of the elements of the cause of action within his or her control. . . . The plaintiff also must demonstrate that the specific information sought by subpoena is necessary to identify the defendant and that the defendant's identity is relevant to the plaintiff's case.[4] . . . Finally, where the preceding three factors do not present a clear outcome, the court should balance the interests of the parties. In doing so, the court should "assess and compare the magnitude of the harms that would be caused to the competing interests by a ruling in favor of plaintiff and by a ruling in favor of defendant."
> 
> *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 976 (N.D. Cal. 2005).

---

[3] Though Mount Hope initially argued that it seeks to unmask the Users in order to name them as Defendants if they participated in the demonstration, Mount Hope appeared to back away from that argument in its reply briefing, where it suggested it only seeks "the identities of the owners of the remaining e-mail addresses because other evidence supports a reasonable belief that those owners have discoverable information about the 'action.'" Pltf.'s Reply (Dkt. # 13) at 4. The standards are more stringent for unmasking a defendant than witness (see *2themart.com*, 140 F. Supp. 2d at 1095), and thus the court will apply a hybrid approach of the *2themart.com* factors and *SaleHoo* factors.

[4] This factor incorporates *2themart.com*'s last three factors: that the information sought relates to a core claim or defense, that the information sought is directly and materially relevant to that claim or defense, and that the party seeking the information cannot obtain information to establish or disprove that claim or defense from any other source. *See* 140 F. Supp. 2d at 1097.

ORDER- 4

722 F. Supp. 2d at 1215-17 (citations omitted).  The court will devote the next section of this order to a consideration of those factors.

**B.    Under the Circumstances of this Case, Mount Hope's Need for Discovery is Outweighed by the Users' Right to Anonymity.**

With regard to the first factor — notice to the Users — Mount Hope attempted to notify the Users via Riseup, which sent an e-mail to the Users' accounts.  At least one of the Users, Objector, received that notice and responded to it.  While there is no evidence in the record that other Users received the notice, the court finds that Mount Hope's attempts to notify the users was adequate and satisfies the first *SaleHoo* factor.

The second factor is not as easily satisfied, particularly given the limited record before this court.  At oral argument, Mount Hope cited the fact that its case had survived a motion to dismiss and a summary judgment motion as evidence that its claims are viable.  It is true that the court in the underlying case denied a joint motion for dismissal/summary judgment, but the court's opinion did not substantively analyze the viability of the claims at all: the motion was denied under then-Federal Rule Civil Procedure 56(f), which provided that a summary judgment motion may be denied to allow for adequate discovery.  *See* Opinion (Dkt. # 69), Case No. C09-427RHB (W.D. Mich. Sept. 23, 2009).  The underlying court's case docket does not include any other dispositive motions.  This court is not in a particularly good position to evaluate the viability of Mount Hope's claims, given that the only record before this court relates to a subpoena, and the litigation in the underlying matter has been proceeding for two years and has a lengthy docket.  Thus, the court takes no opinion as to the strength of Mount Hope's case, but notes only that Mount Hope has not presented any evidence to this court to support its claims in the underlying matter.

With regard to the third factor, the court finds that Mount Hope has not established a significant link between the Users and relevant evidence.  Mount Hope argues that the Users "may" have discoverable evidence that is relevant and necessary to its ability to

ORDER- 5

prevail on its claims, but also admitted at oral argument that this argument is based on nothing more than speculation. That the Users were *sent* an e-mail about the demonstration does not necessarily suggest that the Users participated in the demonstration or that they know anything about the demonstration (beyond the information stated in the e-mail).[5] Because Mount Hope has not provided any non-speculative reason to believe that the Users possess any discoverable information, Mount Hope has failed to satisfy the third *SaleHoo* factor.

Weighing all the *SaleHoo* factors equally does not necessarily present a clear outcome, given that the parties could be viewed to be deadlocked if the second factor is considered a tie.[6] But, in balancing the parties' interests, the court finds that the third *SaleHoo* factor (and, as explained *supra* note 4, three of the *2themart.com* factors) is the most important factor under these circumstances, because it crystallizes how Mount Hope has failed to demonstrate an actual need for the subpoenaed information. Under these circumstances, where Mount Hope has provided nothing other than speculation that the Users committed any wrongdoing or know anything about the alleged wrongdoing, the court finds that the Users' First Amendment right to speak anonymously online outweighs Mount Hope's right to discovery. *See 2themart.com*, 140 F. Supp. 2d at 1092 ("People who have committed no wrongdoing should be free to participate in online forums without fear that their identity will be exposed under the authority of the court.") (*citing Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)).

---

[5] Indeed, Objector has submitted evidence that she did not participate in the demonstration and does not have any particular knowledge about the demonstration. *See* Objector's Decl. (Dkt. # 9) ¶¶ 2-6.

[6] The court could also construe the second factor to weigh in favor of the Users, because Mount Hope has the burden to satisfy the factors and has failed to present any evidence to support its claims to *this* court. Nonetheless, in an abundance of caution, the court will proceed as if the second factor is neutral.

1  Thus, the court will deny Mount Hope's motion to compel, and grant Objector's motion
2  to quash.

3  **C.      No Contempt Order is Appropriate.**

4        In Mount Hope's motion to compel, it requested an order of contempt and
5  sanctions against Riseup as a result of Riseup's notice to Users regarding the subpoena,
6  which included the following:

> We have preserved the responsive information and we are currently trying to figure out how to respond. . . . [A]ny information that you may have provided at https://user.riseup.net/ could fall under the request in the subpoena. For example, if you log in to https://user.riseup.net/ using your riseup email id and password and click on "My Settings," any information that appears regarding your alternate email and display name could be responsive to this request. The information stored would include the information you provided when you applied for your account, unless you subsequently removed it.

Carmichael Decl., Ex. 2 at 2. According to Mount Hope, the last sentence in that excerpt shows that Riseup encouraged the Users to delete responsive information. *See* Pltf.'s Mot. at 7-8.[7]

    Mount Hope's argument is based on a misreading of the notice. The last sentence suggests to Users that the responsive information (which has been preserved, as stated in the first sentence of the excerpt) is the user information stored in a particular location, which is the same information that was supplied upon application (unless, after application but before service of the subpoena, a User modified their user information). This notice is simply telling the Users what kind of information is responsive to the subpoena, and deleting the information after the notice's receipt would be pointless given

---

[7] At oral argument, however, Mount Hope's counsel admitted that its position could be based on a misreading of the notice, and that she now "took no position" as to whether a contempt/sanctions order would be appropriate.

ORDER- 7

that Riseup had already preserved the responsive information. Mount Hope's request for sanctions and a contempt order is baseless and therefore will be denied.

**D.     Riseup's Motion to Strike Shall Be Denied.**

In a surreply (Dkt. # 15), Riseup moved to strike new evidence that was submitted with Mount Hope's Reply. It is true that it is typically inappropriate to submit new evidence along with a Reply, but in this situation, Mount Hope's Reply to its motion to compel also served as an Opposition to the Objector's motion to quash. Thus, the court construes the new evidence attached to the Reply as evidence submitted in opposition to the motion to quash, and considered that evidence in ruling on the pending motions.

### IV.     CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion (Dkt. # 1) and GRANTS Objector's motion (Dkt. # 8).

Dated this 21st day of April, 2011.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge