HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOUNT HOPE CHURCH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BASH BACK!, et al.<br><br>　　　　　Defendants. | CASE NO. C11-536RAJ<br><br>[Related to Civil action No. 09CV427 pending in W.D. Mich.]<br><br>ORDER |
| IN RE SUBPOENA TO RISEUP NETWORKS, INC.<br><br>　　　　　Third Party. | |

　　This matter comes before the court on third-parties Riseup Networks, Inc. and dkwatt@riseup.net ("third-parties") motion to retax costs. Dkt. # 54. This cases arises out of a case pending in the Western District of Michigan, Case No. 09-cv-427. On March 23, 2011, plaintiff Mount Hope Church filed a motion to compel production of documents pursuant to subpoena. Dkt. # 1. On April 4, 2011, third-parties responded to the motion to compel and filed a motion to quash the subpoena. Dkt. # 8. On April 21, 2011, the court denied plaintiff's motion to compel and granted third-parties' motion to quash. Dkt. # 20.

ORDER- 1

The third-parties then filed a joint motion for attorney's fees and costs as a sanction under Federal Rule of Civil Procedure 45(c)(1). Dkt. # 21. The court granted in part the motion for fees and costs. Dkt. # 34. Plaintiff only appealed the sanction order for fees and costs under Rule 45(c)(1). Dkt. # 35. On November 26, 2012, the Ninth Circuit Court of Appeals reversed this court's sanctions order. Dkt. # 43. The Ninth Circuit did not address the court's order granting the third-parties' motion to quash.

As a result, plaintiff filed a motion to lift the stay, vacate the attorney's fees award, release the supersedeas bond, and enter judgment in favor of plaintiff. Dkt. # 45. Plaintiff also filed a motion for bill of costs, which was referred to Joe Whiteley pursuant to this District's procedures. Dkt. # 46. The court lifted the stay, released the supersedeas bond, and vacated its award of attorney's fees. Dkt. # 52. Mr. Whitely granted the motion for bill of costs (Dkt. # 53), and third-parties filed the pending motion to retax costs.

Pursuant to this District's local rules, a party may appeal the clerk's taxation of costs to the district court judge or magistrate judge to whom the case was assigned. Local Rules W.D. Wash. CR ("LCR") 54(d)(4). Pursuant to Federal Rule of Civil Procedure 54(d), a court may grant a "prevailing party" its costs unless otherwise provided by statute, rules or court order. Fed. R. Civ. Proc. 54(d)(1). In the context of fee-shifting statutes, the Supreme Court has held that there is a "prevailing party" when there is a material alteration of the legal relationship of the parties. *Buckhannon Bd & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001)[1]; *see also Miles v. State of California*, 320 F.3d 986, 989 (9th Cir. 2003) (applying *Buckhannon's* "prevailing party" analysis to Rule 54(d) and noting that a dismissal

---

[1] *Buckhannon* specifically identified two instances in which a plaintiff is considered a "prevailing party": (1) an enforceable judgment on the merits, or (2) an enforceable court-ordered consent decree. *Id.* at 603.

ORDER- 2

without prejudice of a federal ADA claim is a material alteration in the legal relationship of the parties).

Neither party has directed the court to, and the court is unaware of, any case that applies Rule 54(d) to a case that was opened for the sole purpose of resolving a discovery dispute. Here, there is no complaint, no answer, and no claims to resolve on the merits. This case opened in this District solely for the purpose of resolving a discovery dispute between a party to a lawsuit in Michigan and third-parties. There has not been a decision on the merits and the court's resolution of a discovery dispute does not materially alter the legal relationship between plaintiff and third-parties. Even if Rule 54(d)(1) applied here, the court resolved the discovery dispute in favor of third-parties, not plaintiff. Accordingly, the court finds that plaintiff is not a "prevailing party" as the term is used in Rule 54(d)(1).

For all the foregoing reasons, the court GRANTS third-parties' motion to retax costs, and VACATES the order granting plaintiff's motion for bill of costs. Dkt. # 53.

Dated this 7th day of May, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 3